# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

RECEIVED
BY MAIL
JUN 05 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

RECEIVED
BY MAIL
JUN 2 3 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

ENOC ALCANTARA MENDEZ,

Plaintiff(s),

(Enter the full name(s) of ALL plaintiff(s)
and prisoner number(s) in this action.)

E.A.M.

vs.
DIONNE HART;
UBALDO BOCANEGRA; AND
SHELLEY STANTON,

Case No. 20-cv-1438 JRT/DTS
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL

YES  X      NO ___

Defendant(s).

(Enter the full name(s) of ALL defendants in
this action.  Please attach additional sheets
if necessary).

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER
### 42 U.S.C. § 1983
### AND BIVENS

SCANNED
JUN 2 3 2020
U.S. DISTRICT COURT MPLS

## I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved

1-16

in this action or otherwise relating to your imprisonment in the last three years?

☐   Yes

☒   No

B. If you answer to (a) is "yes", describe each lawsuit in the space below.

    1. Parties to the previous lawsuit:

       Plaintiffs:

       Defendants:

    2. Court (If federal court, name the district.  If state court, name the state and county.):

    3.  Case Number:

    4.  Name of judge assigned to the case:

    5.  Cause of action (Cite the statute under which you filed and write a brief statement of the case):

    6.  Disposition or final determination of the case (for example, dismissed or appealed).

    7.  Approximate date of filing the lawsuit:

    8.  Approximate date of disposition or final determination of the lawsuit:

***Attach a copy of the disposition or final determination of the lawsuit if it was filed in a court other than the U.S. District Court for the District of Minnesota.***

2-16

**If there was more than one lawsuit, describe the additional lawsuits on a separate sheet of paper answering the same questions in the same order as above in Question 1(b). Label this information as Question 1(b).**
**Check here if additional sheets of paper are attached.** ☒

II. PRESENT PLACE OF CONFINEMENT

A. Is there a prisoner grievance procedure in the institution?

☒ Yes

☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?

☒ Yes

☐ No

C. If you answered "yes" to question II.B.:
1. What steps did you take: On july 08, 2019, C.E., I have filed a handwritten "Federal Tort Claim avising from a medical malpractice constituting a conspiracy to violate civil rights" with the North Central Regional Office of the Federal Bureau of Prisons.
2. What was the result? On or after october 12, 2019, C.E., my Federal Tort Claim (Administrative Claim TRT-NCR-2019-06796 for ~~$246,000,000.00~~ $20,046,200,000) has been finally denied.

***Attach a copy of the decision or disposition received from the prisoner grievance procedure.****

D. If you answered "no" to question II.B., explain why you did not present the facts relating to your complaint in a prisoner grievance procedure.

III. PARTIES

List your name, prisoner number, address and telephone number. Do the same for any additional plaintiffs. Attach an additional sheet of paper, if necessary.

A.    Name of Plaintiff: Enoc Alcantava Mendez

Prisoner Number 25861-069

Address Federal Medical Center, Unit I-G, P.O. Box 1600
Butner, NC 27509-1600

E.A.M.

3 ÷ 16

Additional Plaintiffs: *none*

Provide each defendant's full name, official position, and place of employment. Attach additional sheets of paper, if necessary.

B.    Name: *Ms. Dionne Hart*

Official Position: *Staff Psychiatrist*

Employer's Address: *Federal Medical Center 2110 East Center Street, P.O. Box 4000 Rochester, MN 55903;*

Additional Defendants:
1. *Mr. Ubaldo Bocanegra, Staff Psychiatrist, Federal Medical Center 2110 East Center Street, P.O. Box 4000, Rochester, MN 55903; and*
2. *Ms. Shelley Stanton, Chief Psychiatrist, Federal Medical Center 2110 East Center Street, P.O. Box 4000, Rochester, MN 55903.*

*E.A.M.*

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached: □**
**Please label the attached sheets of paper as II.A. for Plaintiffs and II.B. for Defendants.**

IV. STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. Describe how each individual defendant is personally involved, including dates, places and specific wrongful acts or omissions by each defendant. Each factual allegation should be provided in separately lettered paragraphs, beginning with letter A. Do not make any legal arguments or cite any cases or statutes.

A. <u>JURISDICTIONAL STATEMENT</u>
   1. This is a case or controversy arising under the <u>U.S. Const. 1st Amdt.</u>, the <u>Federal Tort Claims Act</u>, and <u>Bivens vs. Six Unknown Federal Narcotic Agents</u>, 408 US 388 (1971), and from the fact that this Civil Action is being initiated by a Person committed to the custody

4 of 16

of the Attorney General pursuant to 18USC§§4241(d)(2)(B), 4246(d), who is not a "Prisoner" within the meaning of the Prisoner Litigation Reform Act of 1996, C.E.

2. The three(3) Defendants in this action are hereby sued in their both, official and individual capacities, because they are or were employees or officers of the Government of the United States whom have been acting under color of Federal statutes, ordinances, regulations, customs, or usages executed in and by the Federal Medical Centers.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached: X**
**Please label the attached sheets of paper to as Additional Facts and continue to letter the paragraphs consecutively.**

## V. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you. Do not make any legal arguments or cite any cases or statutes.

E.A.M.

A. Judgment for Plaintiff in the amount of forty six million dollars and two hundred dollars ($46,200,000) for nominal, compensatory, punitive, and exemplary damages;
B. A Declaratory Judgment to publish the 3 Defendants' engaged pattern and routine practice of fabricating evidence to involuntarily medicated non-consenting Human Beings;
C. An Order of Court directing the 3 Defendants to immediately surrender their licences to practice the psychiatric and medical professions on any Human Being; and
D. That the outcome of this case be published in the Federal Reporter.

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of my (our) information, knowledge, and belief.

Signed this 31st day of may , 2020, C.E.

Signature(s) of Plaintiff(s)  Enoe Alcantara

5 ≠16

**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY NO. 854235-F1**

This response concerns your Request for Administrative Remedy which was received on March 7, 2016.   You state you were not provided with 24-hour advance notice of the reasons for your involuntary psychiatric medication.  You allege the notice you were provided disclosed medication was necessary because you were a danger to others, but the hearing officer concluded you were gravely disabled.

A review of this matter revealed the following:

Section 6 of Program Statement 6010.03, *Psychiatric Evaluation and Treatment*, outlines the procedures that are to be followed prior to involuntarily medicating an inmate on a non-emergent basis.  Although you were provided with a due process hearing prior to involuntary medication, a procedural error was discovered.   You will be provided with a new notice and hearing.

Your request for administrative remedy is granted.

If you are dissatisfied with this response, you may file an appeal with the North Central Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 4th & State Avenue, Kansas City, KS 66101, within 20 (twenty) days of the date of this response.

_____
L. LaRiva, Warden

_____
3/11/16
Date

6-16

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE
JUDICIAL DISTRICT OF MINNESOTA

| | |
|---|---|
| ENOC ALCANTARA MENDEZ, PLAINTIFF, | |
| vs. | |
| DIONNE HART, | Case No. |
| UBALDO BOCANEGRA, and | |
| SHELLEY STANTON, DEFENDANTS | |

ADDITIONAL FACTS

E.A.M.

IV. STATEMENT OF THE CLAIM

A. Jurisdictional Statement (Continued)

3. On october 10, 2019, C.E., the Federal Bureau of Prisons has notified me of its final Denial of Claim upon which this Civil Action should have been initiated within the subsequent six(6) months, which ended on april 10, 2019, C.E. However, within the last forty (40) days of that period of time and until may 22, 2020, C.E., I have been separated from my Personal Property because of a slanderous Incident Report charging me with a subsequently expunged Prohibited Act.

4. This is a Civil Action initiated within 40 days from may 22, 2020, C.E.

7-16

B. Statement of Facts

1. Plaintiff Alcantara Charges:

a. From on or before January 26, 2016, C.E., up to and beyond June 2019, C.E., in and from the judicial district of Minnesota encompassing the Federal Medical Centers of Rochester, MN, and Butner, NC, DIONNE HART, UBALDO BOCANEGRA, and SHELLEY STANTON, the Defendants herein, have conspired and went in disguise on the premises of Enoc ALCANTARA MENDEZ, the Plaintiff in this case, for the purposes of:

i) impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the Federal Medical Centers, with intent to deny to Plaintiff ALCANTARA the equal protection of the laws;

ii) depriving, either directly or indirectly, Plaintiff ALCANTARA of the equal protection of the laws or of equal privileges or immunities under the laws; and

iii) obtaining the consent of Plaintiff ALCANTARA to be physically penetrated with unwanted and harmful side-effecting drugs or psychotropic medication by means of unwarranted physical restraint, use of administrative legal process in a manner and/or for any purpose for which the Program Statement 6010.03 (28CFR§549.46) was not designed, in order to exert pressure to cause him to take those drugs.

b. In this case, one (1) or more of the Defendants named above engaged in the Conspiracy and Disguise did, or caused to be done, acts in furtherance of the objects of such Conspiracy, whereby Plaintiff ALCANTARA is injured in his Person or Property or deprived of having and exercising any right or privilege as a Citizen of the United States, all for him to have a cause of action for the recovery

8-16

of damages, occasioned by such injury or deprivation, against those Conspirators under the <u>U.S. Const. 1st Amdt.</u> and <u>42USC§§.1981, 1983,</u> and <u>1985(2)-(3)</u> in view of <u>Bivens vs. Six Unknown Federal Narcotic Agents, 403US388(1971).</u>

2. The Defendants' Intellectual and Unprofessional Involvement

a. Within the time and place of the Conspiracy, Disguise, and the acts in furtherance of the objects thereof, the 3 Defendants actually knew (or should have known) that, I was not presently charged with any sexual offense against minors, that the diagnosis of a Delusional Disorder was not based on existing evidence and that I have refused mental health treatment therefor, that I neither wrote documents with a threatening tone to multiple Staff members nor interfered with an emergency on the unit, and that I did not meet the criteria for involuntary treatment, whether as a Danger or threat to myself or others or as a Gravely disable Inmate.

E.A.M.

b. Therewith, DIONNE HART also knew that, her second Explanation of Reasons for the psychiatric medication proposed on an involuntary protocol was neither true nor correct.

c. At all times, I have informed and particularly described to the Defendants the material evidence, reasons, and provisions of law upon which I have relied to refuse psychotropic drugs.

d. Without regard to all of the above, these Defendants have tortiously and wrongfully elected to agitate, initiate, enter, persist, and make like legal or legitimate their confederacy, conspiracy, disguise, and overt acts, as follows:

9-16

3. The Defendants' Acting-On Engagement in the Conspiracy

a. Defendant HART. On January 26, 2016, C.E., Deft. HART has referred me before a Psychiatrist to determine whether I should be involuntarily medicated on a Notice of Hearing and Advisement of Rights for Involuntary [] Medication for Psychiatric Care or Treatment.

i. In that Notice of Hearing, Deft. HART has described that I was charged (currently?) with possession of child pornography, diagnozed with a Delusional Disorder, and civilly committed to the custody of the Attorney General as a Dangerous Person who consistently refuses a so much needed mental health treatment.

ii. Deft. HART has also claimed that, in recent months, I have: I) my "Delusional system" expanded to include more Staff and Peers; II) written documents with a threatening tone to multiple Staff members and interfered with an emergency on the unit; and III) more frequent conflicts with his Peers, behavior "directly related to his illness", and has concluded that those claimed behaviors demonstrate a risk to others meeting criteria for involuntary treatment.

iii. At the Administrative Involuntary Medication Hearing conducted on February 01, 2016, C.E., by UBALDO BOCANEGRA, Deft. HART has amended her initial description of me by: I) acknowledging --for the first time-- that, I am currently charged with Threatening a Federal Judge; and II) rehashing her own not-legally trained opinions concerning my pre-Indictment exercise of a contractual right to refuse to register as a sex offender and my claim that I am Actually Innocent of a conviction obtained by fabricated evidence, all upon which the involuntary medication with psychotropic drugs was approved.

iv. On February 17, 2016, C.E., Deft. HART has addressed my lawful request for a Follow-Up Hearing by securing my placement in

10-16

Administrative Detention to be investigated for a never-charged violation of Bureau regulations.

v. On march 08, 2016, C.E., upon the Warden's administrative reversal of the involuntary druging, Deft. HART has referred me, again, before a Psychiatric for a Second Hearing on an amended and supplemental Notice of Hearing claiming that, my mental health or sanity has gone for worse after the Warden-ordered reversal and to the level of alleging that I suggested to her that she would be harmed for acts done against me.

vi. At the Second Hearing held on march 14, 2016, C.E., Deft. HART has vehemently claimed as a "well-documented" fact that I told to a specific Staff member that I will kill my father (G-D forbids), but has persisted in her refusal to confront me with such a "well documentation" upon the ground that: "This is not a Court proceeding, my veracity as a Staff psychiatrist is unquestionable, and you know that you did it. You have NO RIGHT to see that documentation."

vii. On July 17, 2017 C.E., Deft. HART has then caused the involuntary transfer and return of my Person to F.M.C. Butner, NC, upon the grounds that: I) I am unable to form a "Therapeutic Alliance" with Deft. HART and UBALDO BOCANEGRA; and II) I have incorporated UBALDO BOCANEGRA into my delusional system, all without Deft. HART considering that I did not incorporate SHELLEY STANTON into such a "System".

viii. Finally, during the full lenght of the Doctor-Patient relationship, Deft. HART has harassed me by her "drive-by" questions, comments, and condemnation of my Jewish beliefs and practices, Political views, Cultural heritage, Musical preferences, failure to assimilate into her asserted way of American culture, and my General character as an non-submissive Person who refuses to humble myself before her.

11-16

b. Defendant BOCANEGRA. On February 01, 2016, C.E., Deft. BOCANEGRA has conducted the Administrative Hearing described in the above paragraph IV.B.3.a.iii (Page 10).

i. At that Hearing, when I have presented my Preliminary Answer to the Administrative Notice of Hearing (or the draft of it) as evidence to impeach the Notice of Hearing also described in the above opening sentence IV.B.3.a.i-ii, Deft. BOCANEGRA has put it aside and proceeded with the so procured Hearing

ii. During that Hearing, Deft. BOCANEGRA did not have any instance to see or hear any evidence or witness in support of the Notice of Hearing and of the DIONNE HART's non-stop parroting statements, arguments, and exagerations as to my dangerousness to myself or others, which was the very nature and cause of the Hearing, or in support of an otherwise Notice of Hearing as to I being Gravely disabled.

E.A.M. iii. However, Deft. BOCANEGRA has strongly and loudly criticized my presentation of evidence in my favor, my indication that DIONNE HART has presented no evidence other than her own spontaneous statements, and proceeded to announce his finding of my procedural behavior as improper, abhorrent, despicable, etc., as "proof" that I am "Gravely disabled" as if that was the nature and cause of that Hearing.

iv. Thereupon, Deft. BOCANEGRA has proceeded to slam his hand on the table and kept doing that, while shouting at my face: "All these problems with you have to stop right now, I am stopping you by imposing upon you that you be medicated involuntarily, you will swallow that medicine, and I will make you swallow it, I have the power to make you do it, [blah, blah, blah]".

v. Since march 14, 2016, after the Warden-ordered reversal and the second Psychiatrist's determination that I do not meet the criteria for medication,

12-16

up to February 21, 2017, C.E., Deft. BOCANEGRA has been displaying and venting his anger at the Warden and the Psychiatrist because they both were more "crazy, stupid, imbecile, brute, and [BLANK]" than me, that his status as a Psychiatrist does not make him subject to respect any Constitution or Laws of the United States, and that "something should be done" against my un-medicated state.

vi. Finally, during the previous friendly and cordial days, Deft. BOCANEGRA has frequently questioned, criticized, and denied as false my still-present beliefs and assertion that, in that Territory of Puerto Rico, We The People of Dominican Republic are being treated by the majority of either acting out or indifferent Puertorricans in the same way that nazi-germany treated the Jewish People and the Jehovah Witnesses and that the White Supremacists and the Law Enforcement Thughs have been Treating the "People of Color" and Hispanics in the United States.

E.A.M.

c. Defendant STANTON.

i. Since February 01, 2016, C.E., prior to the Administrative Hearing and while knowing of the wrongdoing about to occur and having Supervisory Power to prevent it, Deft. STANTON has already read my Preliminary Answer described in the above paragraph IV.B.3.b.i. (Page 12 ), and has chosen to take no Supervisory Action by merely forwarding to UBALDO BOCANEGRA what she termed to be my "concerns."

ii. On February 08, 2016, C.E., Deft. STANTON has persisted to take no Supervisory Action to prevent the approved medication by simply denying my Appeal of Involuntary [ ] Medical Decision for Psychiatric Care or Treatment, upon the grounds that: i) I was afforded all due process rights; ii) UBALDO BOCANEGRA determined you would benefit from medication; iii) the determination is supported by the evidence and

13-16

is medically appropriate; iv) medication is indicated as the treatment of choice for ameliorating your symptoms; and v) the treatment needs can not be reasonably met by less intrusive means.

4. The Defendants' Cognizance of No Mental Disease or Defect

a. Prior to, during, and after their entry into their Conspiracy, it has been the official, individual, medical, and psychiatric position of these 3 Defendants that, my beliefs and personal conviction that: i) I am Actually Innocent of my previous offense of conviction; and ii) the federal criminal justice of Puerto Rico has entered into a confederacy with the Puerto Rico Army National Guard to fabricate computer disks containing child pornography as evidence against me, Civ. No. 16-1973(FAB)(DPR), constitute evidence of "Delusional Disorder of the persecutory type.

b. However, on June 12, 2019, C.E., in the Case No. 05:11-HC-02178-BR (ED NC), the Federal Medical Center of Butner, NC, has directly impeached the 3 Defendants' position by certifying the overriding and ultimate position that, in light of the evidence as a whole, reason, experience, and empirical evidence, my beliefs of Innocence and Conspiracy do not constitute evidence of any Delusional Disorder.

5. Extent or Degree of Injury or Deprivation

a. The Defendants' procurement, approval, and refusal to prevent the involuntary treatment with psychotropic drugs has attacked and violently disrupted my exercised birth right and commitment ––both inside and outside prison–– to reject and push back away all illegal and illegally proposed drugs on my forty-sixth (46th) year of having enjoyed the healthy, life preserving, example to community, non criminality, and reputational benefits for having chosen a Drug-free way of life.

14-16

b. I have been involuntarily medicated on a slanderous, libelous, and false allegations of dangerousness, an spontaneously invented grave disability, a retaliatory motivation and hatred after the exposure and nakedness of no evidence against my mental sanity, and by that conscience shocking table slamming, and "though guy" manner of announcing the approval of medication ("I will make you swallow it" he said).

c. From that "table slamming" and bullying misconduct, I am still having very sour grapes, nightmares, and not-yet spoken thoughts of which I wished right at that moment to push aside all I believe about Law and Order and just BRUTALLY ASSAULTED both, Deft. BOCANEGRA and Deft. HART for the provocative verbal aggression and agitating a "middle ages cruzade" against my Human Right to refuse psychotropic drugs, but no Person should ever be placed under that emotional distress and exposure to a potential and additional criminal liability.

d. Retaliatory seclusion on account of my lawfully requested follow-Up Hearing.

e. Vindictive use of administrative process to repeat, agitate, and expand the slanderous, libelous, and false allegations of Dangerousness and Gravely disableness.

f. Plundering, exacerbating, and furthering the antagonizing of a family in Distress concerned with a hampered father-Son relationship, prevented only by my own silence before them about this

g. Deprivation of my right To BE LEFT ALONE, and not to be harassed molested, or psychiatrically persecuted on account of my Jewishness, Political views, Cultural heritage, Musical preferences, Reluctance to assimilate, Having my own character and conscience, and Dominican opinion against racist Puertorricans and my comparison of them with Criminals Against Humanity, foreign AND DOMESTIC!

E.A.M.

15-16