## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ENOC ALCANTARA MENDEZ,

                Civil No. 20-1438 (JRT/DTS)

             Plaintiff,

v.

           **MEMORANDUM OPINION AND ORDER**
             **ADOPTING MAGISTRATE JUDGE'S**

UBALDO BOCANEGRA and SHELLEY    **REPORT AND RECOMMENDATION**
STANTON,

             Defendants.

Enoc Alcantara Mendez, Reg. No. 25861-069, Federal Medical Center -
Butner, 1G/1321, P.O. Box 1600, Butner, NC 27509, *pro se* plaintiff.

Ana H. Voss & Liles Harvey Repp, **UNITED STATES ATTORNEY'S OFFICE**, 300
South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Plaintiff Enoc Alcantara Mendez brought this lawsuit against Defendants Ubaldo

Bocanegra and Shelly Stanton.[1]  Mendez has failed to provide a proper address for

Defendants so that they can be served in their individual capacities.  Mendez has been

notified of this issue several times, granted an extension of time to take appropriate steps

to cure the deficiency, and been offered assistance by opposing counsel.  Yet, Mendez

has still failed to effectuate proper service.  The Magistrate Judge issued a report and

recommendation ("R&R") that Mendez's claims against Defendants in their individual

---

[1] The lawsuit initially included Dionne Hart as a defendant but she was terminated as a
party on February 18, 2021 after Mendez failed to list her as a defendant in his Amended
Complaint.

capacities should be dismissed without prejudice.[2]  Mendez has raised several objections to the R&R.  Because each of Mendez's objections are meritless and because Mendez has failed to exercise diligence in serving Defendants, the Court will overrule Mendez's objections, adopt the R&R, and dismiss his claims against Defendants in their individual capacities without prejudice.

**BACKGROUND**

Mendez filed this action on June 23, 2020, against Dionne Hart, Ubaldo Bocanegra, and Shelley Stanton, in their individual and official capacities.  (Compl., June 23, 2020, Docket No. 1.)  Mendez brought a claim for violation of his civil rights under 42 U.S.C. § 1983.  (*Id.*)  Defendants are federal employees who are being sued for care rendered within the scope of their work for the Bureau of Prisons.  (*Id.*)  To effectuate service, the Court received three completed U.S. Marshal ("USM") service forms from Mendez.  The Court sent waiver of service forms to Defendants at the addresses provided by Mendez. (Notice of Lawsuit and Request for Waiver, Nov. 19, 2020, Docket No. 14.)  The waivers sent to Bocanegra and Stanton were returned as undeliverable on December 28, 2020.

On February 4, 2021, the Court sent a letter to Mendez apprising him that the addresses provided for Bocanegra and Stanton appeared to be incorrect and requesting that he fill out new USM forms with updated addresses.  (Letter, Feb. 4, 2021, Docket No.

---

[2] Without prejudice means that the individual is not prohibited from filing the case again if the claim can be properly supported.

2

19.)  Mendez returned the new USM forms for Bocanegra and Stanton but listed the same inaccurate address for each Defendant.

On February 18, 2021, Mendez filed an Amended Complaint for attachment and garnishment, listing only Bocanegra and Stanton as Defendants.  (Verified Compl. Attach. and Garnishment, Feb. 18, 2021, Docket No. 20.)  The Amended Complaint states that "[t]his civil action, originally for Conspiracy to interfere with civil rights, has now become a case of Admiralty and Maritime jurisdiction[.]" (*Id.* at 1.)   Because Dionne Hart was not listed as a defendant in the Amended Complaint, the Court terminated her from the action.  On April 30, 2021, the Court, again, sent a letter to Mendez requesting he provide a correct address for Defendants.  (Letter, April 30, 2021, Docket No. 25).  And once again, Mendez filed the USM forms with the same incorrect address.  Defendants were served in their official capacities but have yet to be served in their individual capacities. (Summons, June 30, 2021, Docket No. 26.)

In addition to the communications sent to Mendez by the Court, the United States sent letters to Mendez explaining the need to serve Defendants in their individual capacity.  (Letter to Magistrate Judge, Nov. 25, 2020, Docket No. 16; Letter to Plaintiff, July 2, 2021, Docket No. 26.)  In both letters, counsel for Defendants invited Mendez to contact them if he had any questions regarding service.  (*Id.*)  The United States then requested a 45-day extension of time within which Mendez may attempt to effectuate service in accordance with Rule 4.  (Req. for Extension of Time, July 15, 2021, Docket No.

31.)  The Court granted the request.  (Order, July 21, 2021, Docket No. 33.)  Mendez failed to serve Defendants within this time period.  Based on the foregoing, the Magistrate Judge recommended that the claims against Defendants in their individual capacities be dismissed without prejudice.  (R&R, Sept. 24, 2021, Docket No. 34.)  Mendez filed objections to the R&R.  (Obj. to R&R, Oct. 7, 2021, Docket No. 40.)

## DISCUSSION

### I.    STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.   ANALYSIS

Mendez raises three objections to the R&R. First, he faults the Court for failing to direct the UMS to effect service of his original complaint. (Obj. to R&R at 1.) Second, he argues that as a result of his civil commitment he is unable to find the new addresses of Defendants and asks for the appointment of a private detective or other qualified persons to take on this task. (*Id.* at 1, 3.) Lastly, he argues that the Amended Complaint was not intended to dismiss Hart as a defendant and asks the Court to reverse her termination. (*Id.* at 2–3.)

As to his first objection, Mendez inaccurately represents the record. After Mendez filed his original complaint, the Court asked him to submit properly competed USM forms for each Defendant with their address and upon receipt of those forms directed the Clerk of Court to seek waivers of service from them. (Order, Nov. 2, 2020, Docket No. 11.) Mendez submitted the forms, and the Clerk of Court issued a notice of lawsuit and request for waiver of service of summons to each Defendant. (Notice of Lawsuit and Request for Waiver, Nov. 19, 2021, Docket No. 14.) When Bocanegra and Stanton's waivers of service forms were returned as undeliverable the Court notified Mendez and asked for updated addresses. (Letter, Feb. 4, 2021, Docket No. 19.) Mendez chose to proceed by filing an Amended Complaint, superseding his original complaint. *In re Atlas Van Lines, Inc.*, 209

F.3d 1064, 1067 (8th Cir. 2000.) ("It is well-established that an amended complaint supersedes an original complaint[.]")  The Court served the Amended Complaint on Defendants.  (Summons, Apr. 30, 2021, Docket No. 24.)  The Court is under no obligation to serve Mendez's original complaint on Defendants because it is no longer the operative complaint in this case.  Therefore, Mendez's first objection to the R&R is meritless and is overruled.

As to his second objection, Mendez bears the responsibility for effecting proper service on the Defendants.  Mendez is suing Defendants in their individual capacity for acts that occurred in connection with duties they performed on behalf of the United States, therefore Federal Rule of Civil Procedure 4(i) applies.  Rule 4(i) requires that when suing a United States employee individually, **a party** must serve the employee under Rule 4(e), (f), or (g).  Fed. R. Civ. P. 4(i).  After being notified that the initial address provided for Defendants was incorrect, Mendez has taken no further action to complete service under Rule 4(e), (f) or (g).  It is Mendez's responsibility to provide proper addresses to effect service of process.  *Lee v. Amrontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [plaintiff's] responsibility to provide proper addresses for service on [defendants]."); *Haggins v. Ramsey Cnty*, 2014 WL 772600, at *9 (D. Minn. Feb. 25, 2014) (denying pro se plaintiffs request to extend deadline to serve defendants primarily because plaintiff's actions demonstrated a lack of diligence in attending to service).

Mendez has been given many opportunities to perfect service and been provided with explanations on how to do so. Mendez has taken no action to secure new addresses for Defendants, instead he has persisted in filing USM forms listing the defective address. While the Court understands that Mendez's access to resources may be more limited than others, counsel for Defendants has offered to discuss service twice with Mendez. Rather than taking advantage of their assistance in resolving this issue, Mendez has claimed that these offers to discuss service are somehow premature. (Pro Se Letter, Oct. 4, 2021, Docket No. 36.) Mendez bears the responsibility of providing an accurate address for Defendants and has demonstrated a lack of diligence in securing a proper address over the course of the 15 months since this action was filed. Therefore, Mendez's contention that he is not responsible for the failure to properly serve Defendants in their individual capacity is unfounded and his second objection to the R&R is overruled.

As to Mendez's third objection, Hart is no longer a party to this lawsuit and the Court will not reinstate her. While the Court must construe a pro se plaintiff's pleadings liberally, a plaintiff is not excused from failing to comply with procedural law. *Sissel*, 745 F.2d at 528. This is particularly true here where it is well-settled that an amended complaint supersedes the original complaint. *In re Atlas Van Lines, Inc.*, 209 F.3d at 1067. Mendez may not have intended for Hart to be terminated as a party from the action when he filed his Amended Complaint. Nonetheless the law is clear that once an amended complaint is filed it is the governing complaint and the original complaint must be

7

disregarded.  Under this basic principle, Hart is not a party to this lawsuit.  Furthermore, Mendez has had notice of Hart's termination for months and only just raised this issue for the first time in his objections to the R&R.

Lastly, reinstatement of a previously terminated party cannot be properly sought through objections to an R&R.  Local rules limit the Court's consideration to "specific written objections to a magistrate judge's proposed findings and recommendations[.]" Dist. Minn. Local R. 72.2(b)(1).  The R&R did not discuss the termination of Hart as a party. Mendez's request to reinstate Hart is not only without merit, but it is also inappropriate for the Court to consider at this juncture.  Thus, the Court will overrule Mendez's third objection to the R&R.

In sum, the Court will overrule Mendez's objections, adopt the R&R, and dismiss without prejudice the claims against Defendants in their individual capacities.[3]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[3] Defendants assert that dismissal of the claims against them in their individual capacities also warrants dismissal of the Amended Complaint in its entirety because the Amended Complaint does not appear to seek relief against either Defendant in an official capacity.  (No Objs. R&R, Sept. 30, 2021, Docket No. 35.)  Defendants support this claim by pointing to the fact that the Amended Complaint seeks attachment and garnishment of Defendants' personal assets under Admiralty Jurisdiction.  However, summons has already been served on Defendants in their official capacities without objection by either party.  (Summons Executed, June 30, 2021, Docket No. 26.)  Therefore, the Court finds that the Amended Complaint was filed against Defendants in their official and individual capacities.  Defendants will have 21-days from the filing of this Order to respond to the Amended Complaint.

1. Mendez's Objections to the Report and Recommendation [Docket No. 40] is **OVERRULED**;

2. The Magistrate Judge's September 24, 2021 Report and Recommendation [Docket No. 34] is **ADOPTED**;

3. The claims in the Amended Complaint against Defendants in their individual capacities [Docket No. 20] are **DISMISSED WITHOUT PREJUDICE**.


DATED:  December 27, 2021
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court