# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Enoc Alcantara Mendez,

    Plaintiff,

v.

Ubaldo Bocanegra, et al.,

    Defendants.

Case No. 20-cv-1438 (JRT/DTS)

**REPORT AND RECOMMENDATION**

## INTRODUCTION

Plaintiff Enoc Alcantara Mendez sued two psychiatrists at the Federal Medical Center Rochester in their official capacities, demanding attachment and garnishment. The claims underlying that demand are largely unclear from the face of Mendez's Amended Complaint, which Defendants have now moved to dismiss. Because the Amended Complaint fails to state a claim on which relief can be granted, Mendez's complaint should be dismissed.

## FINDINGS OF FACT

Mendez originally sued Ubaldo Bocanegra, Shelly Stanton, and Dionne Hart, psychiatrists at the Federal Medical Center Rochester, in their individual and official capacities, alleging federal civil rights violations. *See* Dkt. No. 1. He further alleged various personal injury torts against each defendant. *Id.* While Mendez served two of the defendants in their official capacities, he failed to serve any of the defendants in their individual capacities. Dkt. No. 20. Mendez then filed an Amended Complaint, naming only Bocanegra and Stanton as defendants, but again failed to serve either defendant in their

individual capacities. *Id.* Accordingly, the Court has dismissed the individual capacity claims. Dkt. No. 44. The Amended Complaint does not recite facts from the earlier complaint and does not allege any specific common law tort. Rather, Mendez's Amended Complaint purports to invoke the Court's Admiralty and Maritime jurisdiction, *id.*, but also refers to 42 U.S.C. § 1985 and to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Defendants now move to dismiss the remaining official capacity claims alleged in the Amended Complaint. Dkt. No. 45.

## CONCLUSIONS OF LAW

As previously noted, this Court has dismissed Mendez's personal capacity claims. As regards the remaining official capacity claims, Mendez's Amended Complaint is unclear as to its basis for invoking this Court's subject matter jurisdiction—that is, whether Mendez invokes the Court's jurisdiction under Admiralty and Maritime law, or under *Bivens*, or under § 1985, or some combination of all three. However, as set forth below, Mendez has failed to properly plead any claims, his *Bivens* and § 1985 official capacity claims are barred, and the matter should be dismissed.

Mendez claims liability under the Court's Admiralty and Maritime jurisdiction which generally refers to federal courts' ability to decide cases involving disputes "arising out of commerce on or over navigable water." *Admiralty*, Black's Law Dictionary; *see also Admiralty and Maritime Jurisdiction*, Black's Law Dictionary. Moreover, the Extension of Admiralty Jurisdiction Act specifically permits suit against the United States if certain administrative steps are met. That Act does not apply here as it only "extends to and includes cases of injury or damage, to a person or property, caused by a vessel on

2

navigable waters, even though the injury or damage is done or consummated on land." 46 U.S.C. § 30101.

While Mendez may claim this section applies because he was allegedly damaged while on land, his damage has no apparent connection with a vessel on navigable waters. The Act was not aimed at extending jurisdiction to any harm suffered on land, but instead was intended to permit recovery in situations where a ship or boat damaged a bridge or dock on shore. *Heim v. City of NY*, 422 F. Supp. 35 (E.D.N.Y 1977). Similarly, the Act would allow a longshoreman who slipped on loose cargo on a dock to recover from the shipowner if the cargo found its way to the dock through the shipowner's negligence. *See Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206 (1963). Here, Mendez alleges no connection to a vessel on navigable waters. Absent any such allegation Mendez has failed to plead any valid basis for invoking the Court's Admiralty jurisdiction and all claims premised on that theory must be dismissed.

To the extent Mendez purports to allege a *Bivens* claim or a claim under § 1985, his Amended Complaint likewise fails. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the pleading need not include "detailed factual allegations" it must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "'Naked assertions' devoid of 'further factual enhancement'" are insufficient under Rule 8(a)(2). *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.)

To begin, neither a *Bivens* action nor a § 1985 claim may be asserted against a person acting in their official capacity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (a suit against a federal officer in his official capacity is treated as a suit against the United States, and a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity); *Davis v. United States Dep't of Justice,* 204 F.3d 723, 726 (7th Cir. 2000) (per curiam) (sovereign immunity bars §1985(3) suits brought against the United States and its officers acting in their official capacity). Thus, to the extent his Amended Complaint purports to assert *Bivens* or § 1985(3) claims, they must be dismissed.

Moreover, the Amended Complaint contains no factual allegations to support his demand for attachment and garnishment or his reference to a § 1985 claim. Neither does the complaint include any facts indicating what the alleged constitutional violation was that forms the basis of Mendez's purported *Bivens* claim. Dkt. No. 20. Without any facts, the Amended Complaint simply cannot plausibly plead a claim for relief and should be dismissed. *See Iqbal*, 556 U.S. at 678.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT the Defendants' Motion to Dismiss [Dkt. No. 45] be **GRANTED** and the Amended Complaint be dismissed in its entirety without prejudice.

Dated: May 25, 2022                    s/David T. Schultz
                                       DAVID T. SCHULTZ
                                       United States Magistrate Judge

4

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).